RECEIVED

JUN 15 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN BURFORD | CIVIL ACTION NO. 05-0283 |
| versus | JUDGE HICKS |
| CARGILL, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Plaintiffs, who are dairy farmers, filed this action on behalf of themselves and all dairy farmers in the United States who have purchased pelletized feed for dairy cows or heifers from Cargill, Incorporated ("Defendant"). See Second Amended and Restated Complaint (Doc. 53), ¶ 3. The pleading alleges the following: Defendant markets its dairy feed pellets as being designed to satisfy the nutritional needs of mature dairy cows and heifers to maximize production and minimize health problems. ¶ 4. Defendant treats the formulation of the pellets as a trade secret and does not permit purchasing farmers to know the ingredients. Nutritionists employed by Defendant represent to the farmers that the pellets are properly designed to accomplish their needs but, after the sale, Defendant changes the composition of the feed to ingredients that are not nutritionally equivalent and that cause loss of milk production and damage to the health of the cows. The farmers are not notified of the change. ¶¶ 5-7.

Plaintiffs' pleading does not set forth the particular legal theories or causes of action on which Plaintiffs rely. Defendant has filed a Motion for More Definite Statement (Doc.

56) that complains the lack of notice of the underlying causes of action forces Defendant to guess what claims it must defend against and prevents it from filing a meaningful responsive motion or answer and affirmative defenses.

Plaintiffs often choose to set forth in separate counts or otherwise the particular legal theories upon which they rely, but the notice pleading requirements of Fed. R. Civ. P. 8 and related case law require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. The "form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 434 (5th Cir. 2000), quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981).

District courts have a great deal of discretion in directing pretrial proceedings, and some court have chosen to order plaintiffs to plead the specific law or laws upon which their complaint relies. A leading treatise says, however, that "the better view" is that absent special circumstances, a Rule 12(e) motion for more definite statement cannot be used to require the pleader to set forth the statutes or judicial decisions upon which he intends to rely. Wright & Miller, Federal Practice and Procedure: Civil 3d § 1377, pp. 349-50 (2004 Ed.). "Moreover, any attempt to use a Rule 12(e) motion for a more definite statement to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory

of his case at the pleading stage." Id. at pg. 351.

The facts asserted in Plaintiffs' pleading are not vague or ambiguous, and Defendant should be able to reasonably respond to the factual allegations by admitting them, denying them or taking other action. Defendant expresses concern that it will have difficulty addressing the suitability of the case for class certification without knowing all of the various legal theories upon which Plaintiffs rely. It will be incumbent upon Plaintiffs to show in a motion for certification that the case is suitable for certification, and a component of that showing will be an explanation of the impact of variations in applicable state laws. See Castano v. American Tobacco Co., 84 F.3d 734, 741-44 (5th Cir. 1996).

Defendant also expresses concern that it may overlook or waive a potential affirmative defense if it does not know the precise nature of each of the legal theories to which it is responding. There will be ample time after the class certification process, which should identify the legal theories at issue, for Defendant to amend its answer to plead any affirmative defenses that are appropriate with respect to any claims Defendant did not envision before that process. Plaintiffs have chosen to craft their complaint in a fashion that does put Defendant at a disadvantage with respect to pleading affirmative defenses at this stage, so the court will be sensitive to that situation in setting any deadlines for the amendment of pleadings.

Defendant's **Motion for More Definite Statement (Doc. 56) is denied.** Defendant's responsive pleading must be served within ten (10) days after notice of this action. Fed. R.

Civ. P. 12(a)(4)(A). A **Status Conference** will be held in the chambers of the undersigned on **July 17, 2006 at 11:00 a.m.** Out-of-town counsel may participate by telephone upon prior notice to the court.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15 day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE