UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN BURFORD, ET AL.  CIVIL ACTION NO. 05-0283

VERSUS  JUDGE S. MAURICE HICKS, JR.

CARGILL, INCORPORATED  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is "Plaintiffs' Application For Entry Of A Temporary Restraining Order" [Doc. No. 89]. Plaintiffs' motion seeks to prevent the defendants from contacting any putative class members with respect to any release of liability for the claims asserted in the instant action. Pending a ruling by this Court, the parties entered into a standstill agreement under which the Defendants agreed not to enter into any settlement agreements with putative class members. A hearing on Plaintiff's motion was held on Wednesday, December 20, 2006.

The relief which Plaintiffs seek is not pursuant to a conventional restraining order.[1] To the contrary, their relief is pursuant to Rule 23. The United States Supreme Court has recognized that "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 101 S.Ct. 2193, 2200 (1981). The Gulf Oil Court found that this authority includes the imposition of an order limiting communications between parties and potential class members

"[A]n order limiting communication between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need

---

[1]Accordingly, the Court is terminating the pending motion as styled.

for a limitation and the potential interference with the rights of the parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 101, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). " '[T]o the extent that the district court is empowered ... to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened.' " Gulf Oil v. Bernard, 452 U.S. at 102, 101 S.Ct. 2193 (*quoting* Coles v. Marsh, 560 F.2d 186, 189 (3rd Cir.1977)).

Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties." Coles v. Marsh, 560 F.2d 186, 189 (3rd. Cir. 1977)(*quoted* in Gulf Oil Co. v. Bernard, 452 U.S. 89, 101-102, 101 S.Ct. 2193, 2200 - 2201 (1981)). See also Gates v. Cook, 234 F.3d 221, 227 (5th Cir. 2000).

In compliance with Gulf Oil, courts have routinely recognized that the moving party must present an evidentiary showing of actual or threatened abuse by the party sought to be restrained. *See* Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc. 214 F.R.D. 696, at 697-698 (S.D. Ala.,2003) *and authorities cited therein.* Two kinds of proof are required. First, the movant must show that a particular form of communication has occurred or is threatened to occur. Second, the movant must show that the particular form of communication at issue is abusive in that it threatens the proper functioning of the litigation. As the Cox court noted: "Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with

or confidence in class counsel. Restrictions on the communication of settlement offers are subject to the same proof requirements." Id. at 697-698 (internal citations omitted).

There is no question here that the Defendants have indeed contacted potential class members. Indeed, according to Defendant's own supplemental memorandum in support, it has obtained releases from approximately 30 putative class members in the last 10 months. Accordingly, this Court must now determine whether those communications were abusive or threaten the proper functioning of the instant litigation. As an initial matter, the Court finds that the use of the general receipt and release which is being used by the Defendant in regards to putative class members, without notification of the pending putative class action, is misleading as a matter of law. The Court further finds that such misleading communications are abusive and threaten the proper functioning of the instant litigation.

However, the Court finds that the release, if coupled with a notification or cautionary statement concerning the pending litigation above the signature line, may be adequate. Accordingly, the Court orders the parties to jointly draft an appropriate notice for inclusion in the language of the general receipt and release. Such notice must be worded to sufficiently apprize any potential class member (who is presented with the general receipt and release) of the pendency of this putative class action and sufficiently describe the nature of the claims which he is releasing by signing the release, but the language in the notice should not rise to the level of a solicitation for Plaintiff's counsel. The parties have until **January 19, 2007** to draft such a notice.

The Court finds that including an appropriately worded and properly placed notice above the signature line in bold capital letters in each and every proposed release sufficiently accommodates the protection of the Plaintiffs' rights without undue interference

with the routine business practices of the Defendants with their customers. The Court further finds that such a notice is the narrowest possible relief which would protect the interests of the parties and be consistent with the policies of Rule 23 while protecting the Court's jurisdiction over the instant litigation.

Until the parties agree upon a proper notice, or until the Court enters an Order concerning the notice to be used, whichever comes first, the parties, by agreement and with the Court's consent, will continue under the standstill agreement entered into on December 4, 2006.

The Court further orders the Defendants to disclose to the Plaintiffs the names and addresses of all potential class members who have already executed such general receipt and releases, and to provide complete, legible copies of those signed releases. Such disclosures are due on or before **January 19, 2007.**

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 9th day of January, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE