**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JOHN BURFORD | CIVIL ACTION NO. 05-0283 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARGILL, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 218) recommending denial of Cargill, Incorporated's ("Cargill") Motion to Disqualify Plaintiffs' Counsel (Record Document 147). Under a preponderance of the evidence standard, the Magistrate Judge found that there were no violations of Louisiana Rules of Professional Conduct 3.4(b) or 4.2(b). See Record Document 218 at 30-33. The Magistrate Judge further found that former Cargill employees did not disclose privileged information to Burford counsel. See id. at 32-33. Finally, the Magistrate Judge concluded that while there was at least a reasonable possibility of a disclosure of privileged communication, thus giving rise to a potential appearance of impropriety, the best interests of the public are served by permitting Burford counsel to continue their participation in this case. See id. at 35-37.

Cargill filed objections and a reply to the Report and Recommendation. See Record Document 219 and 223. Plaintiffs filed a response to Cargill's objections. See Record Document 220. While all of the submissions were reviewed in their entirety, the Court will focus on Cargill's contention that the Magistrate Judge applied an incorrect legal standard. See Record Document 219-2 at 2. Specifically, Cargill argued:

> A key component of the Magistrate Judge's recommendation is his failure to find evidence that privileged information passed from the Progressive

> Defendants to <u>Burford</u> counsel, but this finding resulted from his application of the incorrect legal standard. Instead of applying, as most other courts deciding similar motions have done, a presumption of disclosure, the Magistrate Judge relied quite heavily on the denials of Burford counsel, in particular Roy Payne . . . . If such self-serving denials by counsel and their clients were allowed to carry the day, there would be no disqualifications. This is exactly why other courts, as did the California court in this very instance, have employed a presumption of disclosure instead of conducting an evidentiary hearing as the Magistrate Judge chose to do here.

<u>Id.</u>

As noted by the Magistrate Judge in the Report and Recommendation, Cargill has not cited any controlling authority that mandates a disqualifying presumption in this instance.[1] The Magistrate Judge presided over an evidentiary hearing in this matter, the purpose of which was to fully explore the relevant facts, assess credibility, and weigh testimony. After this comprehensive exploration of the evidence and considering the testimony of all witnesses, not just that of Roy Payne,[2] the Magistrate Judge concluded that the former Cargill employees did not improperly disclose any privileged information to the <u>Burford</u> attorneys. This Court is unconvinced by the arguments asserted in Cargill's objections and reply and concurs with the findings of the Magistrate Judge on the disclosure issue.

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record,

---

[1] Cargill cited <u>In re Corrugated Container Antitrust Litigation</u>, 659 F.2d 1341, 1347 (5th Cir. 1981), for the principle that "the presumption of disclosure is not susceptible of rebuttal by proof" in cases in which disqualification is requested due to a conflict of interest. Record Document 219-2 at 17.

[2] The Magistrate Judge noted that "no witness pointed to a single disclosure." Record Document 218 at 33.

including the written objections, response, and reply filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Motion to Disqualify Plaintiffs' Counsel (Record Document 147) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 30th day of July, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE